# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN D. SUTTON,

    Petitioner,

vs.

CRAIG FARWELL, et al.,

    Respondents.

Case No. 3:04-cv-00498-HDM-RAM

**ORDER**

    Before the court are petitioner's motion for relief from judgment (ECF No. 47), respondents' opposition (ECF No. 50), and petitioner's reply (ECF No. 53). The court denies petitioner's motion.

    Petitioner's argument is based upon the procedural history of his state post-conviction habeas corpus petition. Petitioner filed an initial, proper-person petition and a supporting memorandum. Ex. 71 (ECF No. 13, at 23), Ex. 72 (ECF No. 13, at 44). These documents contained what became grounds 1 through 11 in the federal habeas corpus petition (ECF No. 7). The state district court appointed counsel. Counsel filed a supplemental petition that contained what became grounds 12 and 13 in the federal habeas corpus petition. Ex. 81 (ECF No. 13, at 116). The state district court denied the petition, but the state district court addressed only the grounds raised in the supplemental petition. Ex. 86 (ECF No. 13, at 191). Petitioner appealed, but he raised only the grounds that were raised in his supplemental petition. Ex. 94 (ECF No. 13, at 223).

    Petitioner then commenced this action. The petition for a writ of habeas corpus (ECF No. 7) contained 13 grounds. Respondents moved to dismiss because grounds 1 through 11 were not exhausted under 28 U.S.C. § 2254(b). Specifically, respondents argued that petitioner never

presented the issues in grounds 1 through 11 to the Nevada Supreme Court on either direct appeal or on appeal from the denial of the post-conviction habeas corpus petition. ECF No. 11, at 5. Petitioner agreed, and he asked to dismiss grounds 1 through 11. ECF No. 17, at 2. The court granted the motion to dismiss and dismissed grounds 1 through 11. ECF No. 20. Litigation on the remaining two grounds proceeded, and the court denied those two grounds on their merits. ECF No. 28. Petitioner appealed, and the Nevada Supreme Court affirmed. ECF No. 42.

Petitioner now argues that respondents committed a fraud upon the court and petitioner when they argued that grounds 1 through 11 were not exhausted. Respondents, petitioner argues, stated incorrectly that state post-conviction counsel filed an amended petition, which would have waived any ground that was not re-alleged. Instead, counsel filed a supplemental petition, which added to but did not supplant the grounds in the original petition. Consequently, petitioner argues, grounds 1 through 11 are still pending in the state district court, and this court should reopen the action to decide those grounds on the merits.

Petitioner's motion is untimely. He must file a motion for relief from the judgment based upon fraud of the opposing party within one year of the finality of the judgment. Fed. R. Civ. P. 60(c)(1). The court entered judgment on May 9, 2006. Petitioner filed his motion for relief from the judgment on August 8, 2016, more than 10 years after entry of the judgment, and more than 9 years after expiration of the period to file a motion for relief from the judgment.

Furthermore, respondents did not mislead the court. For the purposes of the exhaustion requirement of 28 U.S.C. § 2254(b), it does not matter whether the state district court resolved a ground. A ground is not exhausted unless petitioner presents it on appeal to the Nevada Supreme Court. Respondents made no statement in the motion to dismiss about how the state district court treated what became grounds 1 through 11 of the federal habeas corpus petition. Respondents' sole, and correct argument was that petitioner presented to the Nevada Supreme Court only the two claims that became grounds 12 and 13 of the federal habeas corpus petition.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

1  IT IS THEREFORE ORDERED that petitioner's motion for relief from judgment (ECF No.
2  47) is **DENIED**.
3  IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.
4  DATED: March 21, 2017.

_____
HOWARD D. MCKIBBEN
United States District Judge