UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN D. SUTTON, | Case No. 3:04-cv-00498-HDM-RAM |
| Petitioner, | **ORDER** |
| v. | |
| CRAIG FARWELL, et al., | |
| Respondents. | |

Before the court are petitioner's motion for relief from judgment or order, and motion to amend petition (ECF No. 55), respondents' opposition (ECF No. 56), and petitioner's reply (ECF No. 57). The court denies the motion.

On May 8, 2006, the court denied the petition for a writ of habeas corpus (ECF No. 7), finding that the two remaining grounds were without merit.[1] ECF No. 28. Petitioner appealed, and the court of appeals affirmed on August 7, 2008. ECF No. 42. Petitioner sought certiorari from the Supreme Court of the United States, which denied his petition on January 12, 2009. ECF No. 46.

Petitioner asks the court to reopen this action and to allow him to file an amended petition. The amended petition contains one ground, but with multiple claims. First, petitioner claims that

---

[1] Grounds 1-11 were dismissed earlier because they were not exhausted. ECF No. 20. In a previous motion for relief from the judgment, petitioner argued that the respondents committed fraud when they argued that grounds 1-11 were not exhausted. ECF No. 47. The court denied that motion. ECF No. 54.

1

the trial court used the incorrect jury instruction for the definitions of the elements of willfulness, deliberation, and premeditation in accepting his plea of guilty to first-degree murder. Second, petitioner claims that his guilty plea is invalid because he did not receive notice of the charge against him and because the state district court did not determine that petitioner understood the nature of the charge. For these reasons, petitioner argues that he is actually innocent.

Petitioner is not attacking the integrity of the court's final judgment. His proposed amended petition contains completely new claims that ask for relief from the judgment of conviction. Petitioner effectively is presenting a second or successive petition for a writ of habeas corpus. Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005); Jones v. Ryan, 733 F.3d 825, 833-35 (9th Cir. 2013). Petitioner needs to obtain authorization from the court of appeals before he can proceed with a second or successive petition. 28 U.S.C. § 2244(b)(3). The court denies petitioner's motion.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

IT THEREFORE IS ORDERED that petitioner's motion for relief from judgment or order, and motion to amend petition (ECF No. 55) is **DENIED**.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: September 20, 2018.

_____
HOWARD D. MCKIBBEN
United States District Judge