# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN D. SUTTON,

Petitioner,

v.

CRAIG FARWELL, et al.,

Respondents.

Case No. 3:04-cv-00498-HDM

**ORDER**

Two motions for relief from judgment or order (ECF No. 61, 68) are before the court. The court denies them both.

**Third Motion for Relief from Judgment or Order (ECF No. 61)**

In the third motion for relief from the judgment, petitioner argues that he should be allowed to reopen this action because of a change in the law. Petitioner pleaded guilty to first-degree murder with the use of a deadly weapon. The state district court entered the judgment of conviction on May 5, 1999. ECF No. 12, at 223. Petitioner appealed, and the Nevada Supreme Court affirmed on June 11, 2001. ECF No. 12, at 338. While the appeal was pending, the Nevada Supreme Court determined that the then-existing jury instruction for first-degree murder blurred the elements of the crime, and the Nevada Supreme Court directed that a new jury instruction be given. Byford v. State, 994 P.2d 700, 713-15 (Nev. 2000). Later, the Nevada Supreme Court held that Byford was a change in the law, to be applied in cases that were not yet

1

final at the time of the Byford decision. Nika v. State, 198 P.3d 839, 849-50 (Nev. 2008). Petitioner argues that Byford applies to him because his judgment of conviction was not yet final when the Nevada Supreme Court decided Byford.

Petitioner presented the same claim, in the context of an argument for actual innocence, in his second motion for relief from the judgment, ECF No. 55, at 9-11, and in the proposed amended petition that he attached to the motion, ECF No. 55-1, at 3-6. The court determined that petitioner was trying to present a second or successive petition. ECF No. 58, at 2 (citing Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005); Jones v. Ryan, 733 F.3d 825, 833-35 (9th Cir. 2013)). The court determined that petitioner needed to obtain authorization from the court of appeals before he could proceed with a second or successive petition. Id. (citing 28 U.S.C. § 2244(b)(3)).

Nothing has changed between the denial of the second motion for relief from the judgment and now. Petitioner again is trying to present a new claim in a second or successive petition, disguised as a motion for relief from the judgment. Petitioner must obtain authorization from the court of appeals before he can file a second or successive petition in this court. 28 U.S.C. § 2244(b)(3). The court denies the third motion for relief from judgment or order (ECF No. 61).

**Fourth Motion for Relief from Judgment or Order (ECF No. 68)**

Petitioner argues that the court overlooked facts that he filed in his judicial facts supplemental to petitioner's traverse ("supplement") (ECF No. 27) when it decided ground 12. The court noted that petitioner was trying to litigate the facts that he had alleged in ground 8, a ground that he later dismissed because it was unexhausted. ECF No. 28, at 6. Petitioner argues that the facts indeed were in support of ground 12.

The court disagrees. Ground 12, in its entirety, states:

Petitioner contends that the Nevada Supreme Court unreasonably applied clearly established federal constitutional law and/or unreasonably interpreted the facts in petitioner's case, when it concluded on post conviction appeal that the district court had not abused its discretion in [determining] that petitioner's guilty plea was valid, notwithstanding petitioner's contention and evidence that the fact petitioner requested to be released on his own recognizance after he entered his plea

2

| | |
|---|---|
| 1 | demonstrates that petitioner did not understand the nature and consequences of his plea. |
| 2 | |

ECF No. 7, at 19. The supplement quoted an excerpt of an exchange between the trial court and trial counsel, in which trial counsel asked to be relieved as counsel because of petitioner's intransigence. ECF No. 27, at 2. <u>See also</u> ECF No. 12, at 2-4. In the supplement, petitioner contended that he had no choice but to plead guilty because he felt that he would not receive a fair trial with that attorney and because the trial court did not appoint a different attorney. ECF No. 27, at 2-3.

The two sets of facts are completely different. Ground 12, as alleged in the petition, and as litigated in the state courts, was that petitioner did not understand the consequences of his plea, as evidenced by his request to be released on his own recognizance after pleading guilty to first-degree murder with the use of a deadly weapon. In the supplement, petitioner alleges that he pleaded guilty because he did not trust his attorney. The operative facts are different. What he called ground 12 in the supplement was not the same as ground 12 of the petition.

On the other hand, ground 8 of the petition contained allegations about petitioner's counsel. He alleged, in part:

> On 2-18-99, Sutton was scheduled to accept a plea bargain, but he refused and with another attempt tried to dismiss Mr. Walton as counsel of record in open court, the court denied his request. Due to Sutton not pleading guilty his attorney Mr. Walton became furious in which he verbally assaulted Sutton's character. Sutton's guilty plea was induced by a conflict of interest, threats & promises.

ECF No. 7, at 15. These facts are the same as what petitioner alleged in the supplement.

Therefore, petitioner either was trying to litigate ground 8, which he already had dismissed, or he was trying to modify ground 12 in a supplement to his traverse, which he may not do. See <u>Cacoperdo v. Demosthenes</u>, 37 P.3d 504, 507 (9th Cir. 1994). Either way, the court made no mistake in not considering the facts in his supplement with regard to ground 12.

Finally, to the extent that the fourth motion for relief from the judgment is an attempt to litigate a new claim that petitioner's plea was unknowing and involuntary because trial counsel criticized petitioner for his intransigence, petitioner first must obtain authorization from the court

of appeals to file a second or successive petition.  28 U.S.C. § 2244(b)(3); <u>Gonzalez</u>, 545 U.S. at 530-32.

**Conclusion**

Reasonable jurists would not find the court's determinations on the two motions for relief from the judgment to be debatable or wrong.  The court will not issue a certificate of appealability.

IT THEREFORE IS ORDERED that petitioner's third motion for relief from judgment or order (ECF No. 61) is **DENIED**.

IT FURTHER IS ORDERED that petitioner's fourth motion for relief from judgment or order is **DENIED**.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: August 7, 2019

HOWARD D. MCKIBBEN
United States District Judge